# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA MACON DIVISION

| | | |
|---|---|---|
| David Lee Watson, Christopher Melton, Randy Horton, Ricky Johnson and Timothy Vickers, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action File No.: 5:14-CV-93-WLS |
| Frito-Lay Incorporated, | § § | |
| Defendant. | § § | |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

COME NOW Plaintiffs and file this, their Complaint for Equitable Relief and Damages, showing the Court the following:

1.

Plaintiffs are all residents of Georgia and of this District and are all former employees of Defendant Frito-Lay Incorporated (hereinafter "Frito-Lay").

2.

Defendant Frito-Lay describes itself as a "$13 billion convenient foods business unit of PepsiCo (NYSE: PEP), which is headquartered in Purchase, NY." Frito-Lay can be served in Georgia with service of process at Corporation Process Company, 328 Alexander St., Suite 10, Marietta, GA 30060.

3.

1

The present dispute presents more than $75,000 in dispute. Jurisdiction is proper in this Court. The acts complained of herein all occurred in this district. Venue is proper in this court under 28 U.S.C. § 1391(b).

4.

Plaintiffs were all truck/delivery drivers employed by Frito-Lay and working out of Frito-Lay's distribution facility in Perry, Georgia. All were long-term employees of Frito-Lay (18 years or more) in good standing with Frito-Lay on October 31, 2013.

5.

On November 1, 2013, Plaintiff David Lee Watson (hereinafter "Mr. Watson" or "Plaintiff Watson") was called into the office of Human Resources Manager Bonnie Bourque. Ms. Bourque explained that she was looking for information about whether Mr. Watson had been using his phone and texting while he was driving from 12:30 – 1:30 p.m. on a specific day in October 2013. This was the only information she was seeking. Mr. Watson was asked to access his personal phone records and provide Frito-Lay with his phone/text records for one specific date and time in October 2013.

6.

Mr. Watson was asked to use Ms. Bourque's work computer in her office. Mr. Watson used this computer to access the internet and to log onto the website of

his personal cell phone provider, Verizon Wireless. Once on this website, Mr. Watson used his personal password and log in information to access his personal cell phone text records. He printed out the single page showing his phone texting activity for the single day in October 2013 as requested. He was instructed to print this to a Frito-Lay printer in the Frito-Lay office.

7.

This single page printout was retrieved by Ms. Bourque, who then showed it to Mr. Watson. She reviewed the single page and informed Mr. Watson that she was satisfied that Mr. Watson had not violated any Frito-Lay policies and he would not suffer any discipline or problems. Mr. Watson did not give Frito-Lay authorization to access his secure Verizon account nor did he give Frito-Lay authorization to access any additional telephone/text records beyond the one page Mr. Watson himself printed out.

8.

However, after Mr. Watson left Ms. Bourque's office, Frito-Lay, without Mr. Watson's authorization or knowledge, did wrongfully access Mr. Watson's Verizon Wireless secure account information over the internet to view and print out many other pages which showed substantive information about Mr. Watson's telephone/texting activity.

9.

Beginning on November 7, 2013, Defendant informed all Plaintiffs that it was suspending them for texting while driving based upon information obtained from Plaintiff Watson's wrongfully obtained phone/text records. Defendant advised Plaintiffs that Watson's wrongfully obtained phone records showing that Watson allegedly had been sending or receiving texts to/from Plaintiffs Melton, Horton, Johnson and Vickers at various times when those plaintiffs were allegedly driving.

10.

Plaintiff Watson objected to the use of his wrongfully obtained phone/text records. All Plaintiffs further informed Defendant that they had not been texting while driving, but instead had used "speech-to-text" applications that allowed them to talk while driving, and their talking was turned into text messages. Plaintiffs explained that this did not violate Frito-Lay policy nor did it violate Federal Motor Carrier rules or regulations.

11.

Defendant ignored this rationale and fired all plaintiffs based solely upon the wrongfully obtained telephone/text records.

## COUNT ONE

## VIOALTION OF GEORGIA COMPUTER SYSTEMS PROTECTION ACT

12.

Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs of their Complaint as if fully set forth herein.

13.

The Georgia Computer Systems Protection Act, codified as Article 6 of Title 16 of the Official Code of Georgia Annotated, provides relief to parties injured by various acts of theft of information associated with computers and computer networks.  Of concern specific to this case, O.C.G.A. 16-9-93(c) provides that "[a]ny person who uses a computer or computer network with the intention of examining any employment, medical, salary, credit, or any other financial or personal data relating to any other person with knowledge that such examination is without authority shall be guilty of the crime of computer invasion of privacy." Defendant, by its actions in accessing Mr. Watson's personal phone/text records, did commit the crime of computer invasion of privacy.

14.

O.C.G.A. 16-9-93(g)(1) provides that "Any person whose property or person is injured by reason of a violation of any provision of this article may sue therefor and recover for any damages sustained and the costs of suit."  All Plaintiffs are

5

persons injured by Defendant's violation of the Georgia Stored Communications Act.

15.

As injured parties, the Plaintiffs are entitled to the civil remedies contemplated under the Act. Specifically, the Plaintiffs are entitled to recovery for damages sustained and for the costs of pursuing the suit.

## COUNT TWO

## VIOLATION OF THE STORED COMMUNICATIONS ACT

16.

Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs of their Complaint as if fully set forth herein.

17.

The Stored Communications Act, codified as Chapter 121 of Title 18 of the United States Code, provides individuals with protection against invasions of privacy as regards electronic records and communications. A person or company violates the Stored Communications Act upon intentional access without authorization of a "facility through which an electronic communication service is provided . . . and thereby obtains . . . access to a wire or electronic communication while it is in electronic storage in such system." 18 U.S.C. § 2701 (2013).

Defendant's internet access of the texting information stored on Mr. Watson's secure Verizon Wireless account violated the Stored Communications Act.

18.

Any subscriber or "other person aggrieved" by any violation of Section 2701 may recover. All Plaintiffs are persons aggrieved by Defendant's violation of the Stored Communications Act.

19.

Pursuant to the Stored Communications Act, Plaintiffs as injured parties are entitled to at least the following relief: appropriate relief including "damages," and "a reasonable attorney's fee and other litigation costs reasonably incurred." *Id.* § 2707(b). Damages may include actual damages, but in no event are to be less than $1,000. *Id.* § 2707(c). Further, because Defendant's violation was willful or intention, Defendant is liable for punitive damages are available. *Id.*

## **COUNT THREE**

## **INVASION OF PRIVACY**

20.

Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs of their Complaint as if fully set forth herein.

21.

Defendant's actions of intruding upon Watson's private phone/text records, would be considered offensive to a reasonable person.

22.

Further, Defendant's actions in revealing to several people the information of Plaintiffs' texting and telephone information was an improper disclosure of private facts and Defendant's actions in stating or implying falsely that Plaintiffs' had violated company policy and/or federal law by texting while driving held Plaintiffs in a false light.  These actions were done with reckless disregard and would be highly embarrassing or offensive to a reasonable person.

23.

Defendant's actions have injured Plaintiffs reputation and caused Plaintiffs damage with regard to lost future income.

## COUNT FOUR

## ATTORNEYS FEES UNDER O.C.G.A. 13-6-11

24.

Plaintiffs incorporate herein by reference the allegations set forth in the preceding paragraphs of their Complaint as if fully set forth herein.

25.

The Defendant, with its intentional acts and acts showing reckless disregard for the consequences, has acted in bad faith, has been stubbornly litigious, and has caused the Plaintiffs unnecessary trouble and expense.

26.

The Plaintiffs are entitled to recover reasonable attorneys' fees and expenses of litigation from the Defendants pursuant to O.C.G.A. §13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for the following:

(a)    That process issue and the Defendant be served as provided by law;

(b)    That this action be tried by a jury;

(c)    That the Court award the Plaintiffs full compensatory, consequential, interest, incidental and all other damages allowed by law for Defendant's acts;

(d)    That the Court award the Plaintiffs full compensatory, special and all other damages allowed by law for Defendant's tortious actions and violations of statute, to be determined by the enlightened conscience of an impartial jury;

(e)    That the Court award the Plaintiffs all of their attorneys' fees and expenses of litigation;

(f)    That the Court award the Plaintiffs punitive damages; and

(g)    That the Court award the Plaintiffs such other and further relief as the Court may deem just and proper.

Respectfully submitted, this 4th day of March, 2014.

          Hill, Kertscher & Wharton, LLP

          /s/ Douglas R. Kertscher
          Douglas R. Kertscher
          Georgia State Bar No. 416265
          Email:    drk@hkw-law.com
          Attorney for Plaintiffs

          /s/ David Jennings
          David Jennings
          Georgia Bar No.: 302498
          Attorney for Plaintiffs